UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HEATHER CALDWELL** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 2:23-cv-01803** |
| **INSTITUTE OF ACADEMIC EXCELLENCE INC. ET AL.** | **SECTION H** |

### ORDER AND REASONS

Before the Court is Plaintiff Heather Caldwell's Motion to Remand (Doc. 9-1). For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

On April 23, 2023, Plaintiff Heather Caldwell filed this employment discrimination action in the Civil District Court for the Parish of Orleans. Plaintiff claims that her employer, Defendant Sophie B. Wright High School, terminated her employment because she refused to receive the COVID-19 vaccine due to her religion's restriction on vaccines. Plaintiff brings claims for state law religious discrimination and negligence.

Defendants removed this action on May 30, 2023 to the United States District Court for the Eastern District of Louisiana on the basis of federal question jurisdiction. Plaintiff filed the instant Motion to Remand on July 25, 2023, arguing that her claims and remedies are governed solely by Louisiana state law. Defendants oppose.

1

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[3] District courts must "strictly construe" the removal statute, "and any doubt about the propriety of removal must be resolved in favor of remand."[4]

## LAW AND ANALYSIS

Defendants assert federal jurisdiction under 28 U.S.C. § 1331 based on Title VII of the Civil Rights Act and the United States Constitution. Section 1331 provides that district courts shall have subject matter jurisdiction over a civil action that arises under the laws of the United States. The well-pleaded complaint rule governs the existence of federal question jurisdiction.[5] Under the well-pleaded complaint rule, federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.[6] "When a plaintiff has a choice between federal and state law claims, she may proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove."[7]

---

[1] 28 U.S.C. § 1441.
[2] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)).
[3] *Manguno*, 276 F.3d at 723.
[4] *Id.*
[5] Hoskins v. Bekins Van Lines, 343 F.3d 769, 772 (5th Cir. 2003).
[6] Terrebonne Homecare, Inc. v. SMA Health Plan, Inc., 271 F.3d 186, 188 (5th Cir. 2001) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).
[7] Medina v. Ramsey Steel Co. Inc., 238 F.3d 674, 680 (5th Cir. 2001) (internal quotations removed).

Plaintiff has filed the instant Motion to Remand, arguing that her claims are based solely on state law and there is no basis for federal question jurisdiction. The issue then is whether a question of federal law appears on the face of Plaintiff's properly pleaded complaint.[8] Defendants argue that a federal claim should be inferred based on Plaintiff's general assertion of claims for "intentional discrimination practices in employment; religion discrimination in place of employment;" and "violation of constitution free religion."[9]

However, Plaintiff's petition expressly relies on Louisiana state law as the basis for her claims and does not mention federal law. Plaintiff cites to Louisiana Revised Statutes §§ 23:332 and 23:303 as the basis for her lawsuit. Her petition contains no references to federal law, Title VII, or the United States Constitution.[10] To the extent that Plaintiff's general allegations of discrimination are ambiguous, they must be construed against removal.[11] "The case law is replete with grants of motions to remand in similar circumstances, based on findings that the plaintiff elected to assert only state law claims, even when the complaints stated facts that would support a Title VII claim, contained more substantial references to Title VII than in the instant case and pled exhaustion of the administrative remedies necessary to bring a Title VII claim."[12] Plaintiff had the option to mention federal law and decided to proceed in state court on the exclusive basis of state law.[13] Accordingly, a question of

---

[8] *Terrebonne Homecare, Inc.*, 271 F.3d at 188.
[9] Docs. 1, 9.
[10] *See* Flettrich v. Chevron Oronite Co., L.L.C., No. CV 21-1986, 2022 WL 1320433, at *3 (E.D. La. May 3, 2022) (remanding where "the petition contains no express references to Title VII or any other specific federal laws").
[11] *Manguno*, 276 F.3d at 723.
[12] Manzella v. United Parcel Serv. Inc., No. CIV.A. 02-1800, 2002 WL 31040170, at *3 (E.D. La. Sept. 10, 2002).
[13] *Medina,* 238 F.3d at 680.

federal law does not appear on the face of Plaintiff's complaint, and removal was improper.

## **CONCLUSION**

For the foregoing reasons, the Motion is **GRANTED**, and this matter is **REMANDED** to state court.

New Orleans, Louisiana, this 7th day of September, 2023

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**